FOX ROTHSCHILD LLP
Carolyn D. Richmond (CR-0993)
100 Park Avenue, Suite 1500
New York, New York 10017
Phone: (212) 878-7983

Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                    :
COSTIN DUMITRESCU, MARIN ALEXANDRU, :    **ECF CASE**
and JOSIP RICOV, on behalf of themselves and all :
others similarly situated,          :
                                    :    **07-CV-3601 (PKL)**
                                    :
              Plaintiffs,           :
                                    :
       -against-                    :
                                    :
MR. CHOW ENTERPRISES, LTD., T.C.    :
VENTURES, INC., MC TRIBECA, LLC, MR.:
CHOW NEW YORK ENTERPRISES, INC.,    :
WILDMAN GROUP, INC., and MICHAEL    :
CHOW, individually,                 :
                                    :
              Defendants.           :
                                    :
------------------------------------x

## ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

MR. CHOW ENTERPRISES, LTD. ("Limited"), T.C. VENTURES, INC. ("T.C. Ventures"), MC TRIBECA, LLC ("Tribeca"), MR. CHOW NEW YORK ENTERPRISES, INC. ("Mr. Chow New York"), WILDMAN GROUP, INC. ("Wildman"), and MICHAEL CHOW, Individually (collectively "Defendants"), by their attorneys, Fox Rothschild, LLP, hereby answer the Complaint of COSTIN DUMITRESCU, MARIN ALEXANDRU, and JOSIP RICOV ("Plaintiffs").

In response to all non-numbered paragraphs, and each and every substantive allegation of the Complaint, Defendants deny that they violated the law and/or that they harmed Plaintiffs in any way.

1. Paragraph 1 of the Complaint does not contain any allegations of fact that can be admitted or denied. To the extent a response is required, Defendants deny the allegations.

2. In response to paragraph 2 of the Complaint, Defendants deny the allegations, except admit that Mr. Chow is a restaurant located on 57th Street and in Tribeca, Manhattan; and defer to Mr. Chow's website for an accurate account of its content.

3. In response to paragraph 3 of the Complaint, Defendants deny the allegations.

4. In response to paragraph 4 of the Complaint, Defendants deny the allegations.

5. In response to Paragraph 5 of the Complaint, Defendants deny the allegations, except admit that the Court has subject matter jurisdiction over the federal claims pursuant to §216(b), and 28 U.S.C. §§1331 and 1337.

6. In response to Paragraph 6 of the Complaint, Defendants admit the allegations.

7. In response to paragraph 7 of the Complaint, Defendants, after reasonable investigation, deny knowledge or information sufficient to form a belief as to the allegations, except admit that Dumitrescu was hired as a busboy at the 57th Street location of Mr. Chow in 1995, then promoted to waiter, then a captain position, and in 2006 was employed at the Tribeca location of Mr. Chow as a Captain.

8. In response to paragraph 8 of the Complaint, Defendants, after reasonable investigation, deny knowledge or information sufficient to form a belief as to the allegations, except admit that Alexandru was employed at Mr. Chow's 57th Street location and then the Tribeca location until his resignation in 2007.

9. In response to paragraph 9 of the Complaint, Defendants, after reasonable investigation, deny knowledge or information sufficient to form a belief as to the allegations, except admit that Ricov was employed at Mr. Chow's Tribeca location as a bartender from approximately October 2006 until his termination in or about March 2007.

## SUMMARY OF CLAIMS

10. In response to paragraph 10 of the Complaint, no response is required insofar as the allegations are conclusions of law.

11. In response to paragraph 11 of the Complaint, Defendants admit the allegations.

12. In response to paragraph 12 of the Complaint, Defendants deny the allegations.

13. In response to paragraph 13 of the Complaint, Defendants admit the allegations.

14. In response to paragraph 14 of the Complaint, Defendants admit the allegations.

15. In response to paragraph 15 of the Complaint, Defendants deny the allegations, except admit that Defendant Wildman Group, Inc. is a California Corporation.

16. In response to paragraph 16 of the Complaint, Defendants deny the allegations, except admit that Defendant Michael Chow has a residence at 133 South Mapleton Drive, Los Angeles, California, and that Michael Chow is an owner of Defendants Limited, T.C. Ventures, Tribeca and Mr. Chow New York.

17. In response to paragraph 17 of the Complaint, Defendants deny the allegations as conclusions of law. To the extent these averments are deemed to be factual, Defendants deny the allegations.

18. In response to paragraph 18 of the Complaint, Defendants deny the allegations.

19. Paragraph 19 of the Complaint does not contain any allegations of fact that can be admitted or denied. To the extent a response is required, Defendants deny the allegations.

20. In response to paragraph 20 of the Complaint, Defendants deny the allegations.

21. In response to paragraph 21 of the Complaint, Defendants deny the allegations.

22. In response to paragraph 22 of the Complaint, Defendants deny the allegations.

23. In response to paragraph 23 of the Complaint, Defendants deny the allegations as conclusions of law. To the extent these averments are deemed to be factual, Defendants deny the allegations.

24. In response to paragraph 24 of the Complaint, Defendants deny the allegations as conclusions of law and therefore no response is required. To the extent these averments are deemed to be factual, Defendants deny the allegations.

25. In response to paragraph 25 of the Complaint, Defendants deny the allegations as conclusions of law. To the extent these averments are deemed to be factual, Defendants deny the allegations.

26. The allegations in paragraph 26 of the Complaint are conclusions of law and therefore no response is required. To the extent these averments are deemed to be factual, Defendants deny the allegations.

27. The allegations in paragraph 27 of the Complaint are conclusions of law and therefore no response is required. To the extent these averments are deemed to be factual, Defendants deny the allegations.

28. The allegations in paragraph 28 of the Complaint are conclusions of law and therefore no response is required. To the extent these averments are deemed to be factual, Defendants deny the allegations.

29. The allegations in paragraph 29 of the Complaint are conclusions of law and therefore no response is required. To the extent these averments are deemed to be factual, Defendants deny the allegations.

30. In response to Paragraph 30 of the Complaint, Defendants deny the allegations, except admit that Mr. Chow 57th Street and Tribeca employ on average 25 captains, waiters, bartenders and busboys.

31. In response to paragraph 31 of the Complaint, Defendants deny the allegations, except admit that the tip pools include a point system which determines the percentage of the tips an employee receives.

32. In response to paragraph 32 of the Complaint, Defendants deny the allegations.

33. In response to paragraph 33 of the Complaint, Defendants deny the allegations.

34. In response to paragraph 34 of the Complaint, Defendants deny the allegations.

35. In response to paragraph 35 of the Complaint, Defendants deny the allegations.

36. The allegations in paragraph 36 of the Complaint are conclusions of law and therefore no response is required. To the extent these averments are deemed to be factual, Defendants deny the allegations.

37. The allegations in paragraph 37 of the Complaint are conclusions of law and therefore no response is required. To the extent these averments are deemed to be factual, Defendants deny the allegations.

38. The allegations in paragraph 38 of the Complaint are conclusions of law and therefore no response is required. To the extent these averments are deemed to be factual, Defendants deny the allegations.

39. The allegations in paragraph 39 of the Complaint are conclusions of law and therefore no response is required. To the extent these averments are deemed to be factual, Defendants deny the allegations.

40. In response to paragraph 40 of the Complaint, Defendants deny the allegations.

41. In response to paragraph 41 of the Complaint, Defendants deny the allegations.

42. In response to paragraph 42 of the Complaint, Defendants deny the allegations.

43. In response to paragraph 43 of the Complaint, Defendants deny the allegations, except admit that Dumitrescu was required on occasions to draft abstracts, tape windows, patch floor tiles, change light bulbs and fix holes.

44. In response to paragraph 44 of the Complaint, Defendants deny the allegations.

45. In response to paragraph 45 of the Complaint, Defendants deny the allegations.

46. In response to paragraph 46 of the Complaint, Defendants deny the allegations.

47. In response to paragraph 47 of the Complaint, Defendants deny the allegations.

48. In response to paragraph 48 of the Complaint, Defendants deny the allegations.

49. The allegations in paragraph 49 of the Complaint are conclusions of law and therefore no response is required. To the extent these averments are deemed to be factual, Defendants deny the allegations.

50. In response to paragraph 50 of the Complaint, Defendants deny the allegations.

51. In response to paragraph 51 of the Complaint, Defendants deny the allegations, except admit that wait-staff were required to perform "dots" on Saturdays.

52. In response to paragraph 52 of the Complaint, Defendants deny the allegations, except admit that waiters did have a rotating schedule to report to the restaurant before service to answer phones and take reservations.

53. The allegations in paragraph 53 of the Complaint are conclusions of law and therefore no response is required. To the extent these averments are deemed to be factual, Defendants deny the allegations.

## FIRST CLAIM FOR RELIEF

54. In response to paragraph 54 of the Complaint, Defendants respond to the allegations as set forth above in paragraphs 1-53.

55. The allegations in paragraph 55 of the Complaint are conclusions of law and therefore no response is required.

56. The allegations in paragraph 56 of the Complaint are conclusions of law and therefore no response is required. To the extent these averments are deemed to be factual, Defendants deny the allegations.

57. The allegations in paragraph 57 of the Complaint are conclusions of law and therefore no response is required. To the extent these averments are deemed to be factual, Defendants deny the allegations.

58. The allegations in paragraph 58 of the Complaint are conclusions of law and therefore no response is required. To the extent these averments are deemed to be factual, Defendants deny the allegations.

59. In response to paragraph 59 of the Complaint, Defendants deny the allegations.

60. The allegations in paragraph 60 of the Complaint are conclusions of law and therefore no response is required. To the extent these averments are deemed to be factual, Defendants deny the allegations.

## SECOND CLAIM FOR RELIEF

61. In response to paragraph 61 of the Complaint, Defendants respond to the allegations as set forth above in paragraphs 1-60.

62. The allegations in paragraph 62 of the Complaint are conclusions of law and therefore no response is required. To the extent these averments are deemed to be factual, Defendants deny the allegations.

63. In response to paragraph 63 of the Complaint, Defendants deny the allegations.

64. The allegations in paragraph 64 of the Complaint are conclusions of law and therefore no response is required. To the extent these averments are deemed to be factual, Defendants deny the allegations.

65. The allegations in paragraph 65 of the Complaint are conclusions of law and therefore no response is required. To the extent these averments are deemed to be factual, Defendants deny the allegations.

66. The allegations in paragraph 66 of the Complaint are conclusions of law and therefore no response is required. To the extent these averments are deemed to be factual, Defendants deny the allegations.

### THIRD CLAIM FOR RELIEF

67. In response to paragraph 67 of the Complaint, Defendants respond to the allegations as set forth above in paragraphs 1-66.

68. The allegations in paragraph 68 of the Complaint are conclusions of law and therefore no response is required. To the extent these averments are deemed to be factual, Defendants deny the allegations.

69. The allegations in paragraph 69 of the Complaint are conclusions of law and therefore no response is required. To the extent these averments are deemed to be factual, Defendants deny the allegations.

70. The allegations in paragraph 70 of the Complaint are conclusions of law and therefore no response is required. To the extent these averments are deemed to be factual, Defendants deny the allegations.

71. The allegations in paragraph 71 of the Complaint are conclusions of law and therefore no response is required. To the extent these averments are deemed to be factual, Defendants deny the allegations.

## FOURTH CLAIM FOR RELIEF

72. In response to paragraph 72 of the Complaint, Defendants respond to the allegations as set forth above in paragraphs 1-71.

73. The allegations in paragraph 73 of the Complaint are conclusions of law and therefore no response is required. To the extent these averments are deemed to be factual, Defendants deny the allegations.

74. The allegations in paragraph 74 of the Complaint are conclusions of law and therefore no response is required. To the extent these averments are deemed to be factual, Defendants deny the allegations.

75. The allegations in paragraph 75 of the Complaint are conclusions of law and therefore no response is required. To the extent these averments are deemed to be factual, Defendants deny the allegations.

76. The allegations in paragraph 76 of the Complaint are conclusions of law and therefore no response is required. To the extent these averments are deemed to be factual, Defendants deny the allegations.

## FIFTH CLAIM FOR RELIEF

77. In response to paragraph 77 of the Complaint, Defendants respond to the allegations as set forth above in paragraphs 1-76.

78. The allegations in paragraph 78 of the Complaint are conclusions of law and therefore no response is required. To the extent these averments are deemed to be factual, Defendants deny the allegations.

79. The allegations in paragraph 79 of the Complaint are conclusions of law and therefore no response is required. To the extent these averments are deemed to be factual, Defendants deny the allegations.

80. The allegations in paragraph 80 of the Complaint are conclusions of law and therefore no response is required. To the extent these averments are deemed to be factual, Defendants deny the allegations.

81. The allegations in paragraph 81 of the Complaint are conclusions of law and therefore no response is required. To the extent these averments are deemed to be factual, Defendants deny the allegations.

82. The allegations in paragraph 82 of the Complaint are conclusions of law and therefore no response is required. To the extent these averments are deemed to be factual, Defendants deny the allegations.

83. The allegations in paragraph 83 of the Complaint are conclusions of law and therefore no response is required. To the extent these averments are deemed to be factual, Defendants deny the allegations.

84. The allegations in paragraph 84 of the Complaint are conclusions of law and therefore no response is required. To the extent these averments are deemed to be factual, Defendants deny the allegations.

**SIXTH CLAIM FOR RELIEF**

85. In response to paragraph 85 of the Complaint, Defendants respond to the allegations as set forth above in paragraphs 1-84.

86. The allegations in paragraph 86 of the Complaint are conclusions of law and therefore no response is required. To the extent these averments are deemed to be factual, Defendants deny the allegations.

87. The allegations in paragraph 87 of the Complaint are conclusions of law and therefore no response is required. To the extent these averments are deemed to be factual, Defendants deny the allegations.

88. In response to paragraph 88 of the Complaint, Defendants deny the allegations.

89. In response to paragraph 89 of the Complaint, after reasonable investigation, Defendants are without sufficient information to respond to these allegations and they are denied.

## SEVENTH CLAIM FOR RELIEF

90. In response to paragraph 90 of the Complaint, Defendants respond to the allegations as set forth above in paragraphs 1-89.

91. The allegations in paragraph 91 of the Complaint are conclusions of law and therefore no response is required. To the extent these averments are deemed to be factual, Defendants deny the allegations.

92. In response to paragraph 92 of the Complaint, Defendants deny the allegations.

93. The allegations in paragraph 93 of the Complaint are conclusions of law and therefore no response is required. To the extent these averments are deemed to be factual, Defendants deny the allegations.

94. The allegations in paragraph 94 of the Complaint are conclusions of law and therefore no response is required. To the extent these averments are deemed to be factual, Defendants deny the allegations.

95. The allegations in paragraph 95 of the Complaint are conclusions of law and therefore no response is required. To the extent these averments are deemed to be factual, Defendants deny the allegations.

96. The allegations in paragraph 96 of the Complaint are conclusions of law and therefore no response is required. To the extend these averments are deemed to be factual, Defendants deny the allegations.

97. In response to paragraph 97 of the Complaint, after reasonable investigation, Defendants are without sufficient information to respond to these allegations and they are denied.

In response to the Paragraphs under "Prayer for Relief," Defendants deny that Plaintiffs are entitled to the relief requested, or any relief.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

The Complaint, and each claim purported to be alleged therein, fails to allege facts sufficient to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Waiver)

The Complaint, and each claim purported to be alleged therein, is barred in whole or in part by the doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands)

The Complaint, and each claim purported to be alleged therein, is barred to the extent claimants had unclean hands.

## FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

The Complaint, and each claim purported to be alleged therein, is barred in whole or in part by judicial, equitable, and/or collateral estoppel.

## FIFTH AFFIRMATIVE DEFENSE
### (Laches)

The Complaint, and each claim purported to be alleged therein, is barred in whole or in part by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE
### (Offset)

To the extent Plaintiffs and putative collective action members have received other benefits and/or awards attributable to an injury for which they seek compensation in this case, such benefits and/or awards should offset, in whole or in part, any award they receive here for the same injury.

## SEVENTH AFFIRMATIVE DEFENSE
### (Good Faith)

Defendants have at all times acted in good faith and had reasonable grounds for believing that its pay practices complied with federal and state law.

## EIGHTH AFFIRMATIVE DEFENSE
### (Not Similarly Situated)

The putative collective action members cannot proceed collectively under 29 U.S.C. § 216(b) because they are not similarly situated.

## NINTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiffs claims are barred, in whole or in part, by the applicable Statute of Limitations.

### TENTH AFFIRMATIVE DEFENSE
### (Supplemental Jurisdiction)

The Court should not exercise supplemental jurisdiction over the counts in the Complaint that purport to arise under New York Labor Law.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Prejudgment Interest)

The Complaint fails to state a claim upon which prejudgment interest may be granted.

### TWELFTH AFFIRMATIVE DEFENSE
### (Liquidated Damages)

Plaintiffs' claims for liquidated damages are barred, in whole or in part, because any and all actions taken by Defendants were undertaken in good faith and with reasonable grounds for believing such actions were not in violation of Federal or New York law.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Collective Action)

Plaintiffs cannot establish or satisfy the requirements for a collective action pursuant to Section 216(b) of the FLSA and, therefore, the collective action allegations of the Complaint should be stricken and dismissed.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Class Action)

Plaintiffs' claims cannot proceed as a class action because the Fair Labor Standards Act and its collective action procedure preempt state law that might otherwise permit class action treatment.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Class Certification)

Plaintiffs cannot establish or satisfy the requirements for class certification pursuant to Fed.R.Civ.P. 23 and, therefore, the class certification allegations of the Complaint should be stricken and dismissed.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Workers' Compensation Exclusivity)

The New York State Workers' Compensation Law is the exclusive remedy for Plaintiff Dumitrescu's claims of mental and emotional distress or other injuries arising from his employment with certain Defendants.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Assault and battery)

Plaintiff Dumitrescu has failed to state a claim for assault and battery.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Intentional Infliction of Emotional Distress)

Plaintiff Dumitrescu has failed to state a claim for intentional infliction of emotional distress.

### NINETEENTH AFFIRMATIVE DEFENSE

At all times material hereto, Plaintiffs were afforded all of the rights, privileges, and immunities granted pursuant to the laws of the United States and the State of New York.

### TWENTIETH AFFIRMATIVE DEFENSE

At all times material hereto, the actions of Defendants were justified under the circumstances and at all times material hereto Defendants acted in a manner that was proper, reasonable and lawful and in the exercise of good faith.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

At no time material hereto did any Defendant act in a willful, wanton, reckless, and/or malicious manner.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

There is no basis for awarding damages under the facts and circumstances of this case.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants are not liable for damages, including punitive damages.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs suffered no injuries as a result of any alleged acts or omissions by Defendants.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendants have no knowledge or means of ascertaining the truth or falsity of the allegations concerning the injuries, sufferings, and/or damages alleged to have been sustained by Plaintiffs and the same are accordingly denied and strict proof thereof is demanded at the trial of this case.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries, sufferings and damages, if any, were caused by Plaintiffs' own acts, omissions or conduct.

WHEREFORE, Defendants pray for judgment as follows:

A.  That Plaintiffs and the putative collective action members take nothing by the Complaint;

B.  That the Complaint be dismissed with prejudice, together with the costs and disbursements of this action; and

C.  For such other relief as this Court may deem just and proper.

Dated:  New York, New York
        August 22, 2007

FOX ROTHSCHILD LLP
*Attorneys for Defendants*

*/s/ Carolyn D. Richmond*
By: Carolyn D. Richmond (CR-0993)
100 Park Avenue, Suite 1500
New York, New York 10017
(212) 878-7983

NY1 36479v2 08/22/07

## CERTIFICATE OF SERVICE

CAROLYN D. RICHMOND, an attorney admitted to practice in this Court, hereby states that on August 22, 2007, I caused a true and correct copy of the foregoing Defendants' Answer And Affirmative Defenses To The Amended Complaint For Violations Of The Fair Labor Standards Act And State Wage And Hour Laws; Claims For Damages And Injunctive Relief – Collective Action to be filed with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

> Louis Pechman, Esq.
> *Counsel for Plaintiffs*
> Berke-Weiss & Pechman, LLP
> 488 Madison Avenue, 11th Floor
> New York, NY 10022

> */s/ Carolyn D. Richmond*
> Carolyn D. Richmond (CR-0993)