UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
COSTIN DUMITRESCU, MARIN ALEXANDRU,
and JOSIP RICOV, on behalf of themselves
and all others similarly situated,

                              Plaintiffs,

          -against-

MR. CHOW ENTERPRISES, LTD., T.C. VENTURES,
INC., MC TRIBECA, LLC, MR. CHOW NEW
YORK ENTERPRISES, INC., WILDMAN
GROUP, INC., and MICHAEL CHOW,
individually,

                              Defendants.
------------------------------------------------------------X

07 Civ 3601 (PKL) (HBP)

**AFFIDAVIT IN SUPPORT
OF COLLECTIVE ACTION
MOTION**

**ECF CASE**

STATE OF NEW YORK    )
                                  ) ss:
COUNTY OF NEW YORK )

       MARIN ALEXANDRU, being duly sworn, deposes and, upon personal knowledge, says:

       1.     I am a plaintiff in the above captioned matter. I reside at 146 Mulberry Street, Apartment 6, New York, New York, 10013. This affidavit is submitted in support of plaintiffs' motion to certify a collective action for current and former captains, waiters, bartenders, and busboys at Mr. Chow restaurants located at 324 East 57th Street, New York, New York, 10022 ("Mr. Chow 57th Street") and 121 Hudson Street, New York, New York, 10013 ("Mr. Chow Tribeca") (collectively hereinafter "Mr. Chow").

       2.     I was employed first as a waiter and then a captain at Mr. Chow 57th Street and Mr. Chow Tribeca from 1999 until February 2007.

       3.     Mr. Chow pays its captains, waiters, bartenders, and busboys less than minimum wage, taking a "tip credit" from their wages pursuant to the Fair Labor

Standards Act ("FLSA"). Additionally, Mr. Chow has imposed a tip pooling system at the restaurants, whereby the captains, waiters, bartenders, and busboys combine their tips into one "pool" where they are then split by management according to a point system. This system, because of the way it was set up and is maintained, violates the FLSA and invalidates Mr. Chow's right to take a tip credit.

4.   Myself and my fellow captains, waiters, bartenders, and busboys at Mr. Chow who participated in the "tip pool" have all been subjected to the same tip policies (*e.g.*, a tip pool "point system," set up by Michael Chow in which managers improperly participated), payroll practices (*e.g.*, requiring employees to perform guard duty, "dots," or other non-wait service functions for which they were not paid full minimum wage), and overtime calculation discrepancies (*e.g.*, taking an excessive "tip credit" on overtime hours) which form the basis of our lawsuit.

5.   One of the principal complaints in this lawsuit, which affects all members of the proposed collective action, concerns the participation of managers in the "tip pool" that is in effect at Mr. Chow. To take one example, Gaspare Como, the Manager at Mr. Chow Tribeca, should have been excluded from participating in the tip pool under the FLSA as he is the management employee responsible for the management of the restaurant and provides extremely limited table service for the customers. Nevertheless, Mr. Como and other managers not only participate in the tip pool at Mr. Chow, but also receive the greatest amount of points from the tip pool. We believe that the tips which management took from the waitstaff to pay the salary of its managers and other unlawful participants in the tip pool (*e.g.*, hostesses) was in violation of the FLSA.

6.   There are approximately 100 employees who worked as captains, waiters, bartenders, and busboys at Mr. Chow since May 7, 2004 and each of these individuals

2

should have the right to make an informed choice as to whether they will join the collective action. Appropriate notice from the Court will enable employees to make a choice on the basis of a court-sanctioned document as to whether they should join the lawsuit.

7.  For all of the foregoing reasons, on behalf of myself and my fellow employees, we request that this Court certify this case as a collective action, approve the proposed collective action notice, which is annexed hereto as Exhibit A, and compel defendants to immediately disclose to plaintiffs the name, last known address, telephone number, position, and period of employment of each former and current captain, waiter, bartender, and busboy who worked at Mr. Chow from May 7, 2004 to present.

_____
MARIN ALEXANDRU

Sworn to before me this
26th day of October, 2007

_____
NOTARY PUBLIC

LOUIS PECHMAN
Notary Public, State of New York
No. 02PE5079601
Qualified in Nassau County
Commission Expires June 9, 2011

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
COSTIN DUMITRESCU, MARIN ALEXANDRU, :
and JOSIP RICOV, on behalf of themselves        :   07 Civ. 3601 (PKL) (HP)
and all others similarly situated,              :
                                                :
         Plaintiffs,                            :   **NOTICE OF LAWSUIT**
                                                :
         -against-                              :   **COLLECTIVE ACTION**
                                                :
MR. CHOW ENTERPRISES, LTD., T.C. VENTURES, :        **ECF CASE**
INC., MC TRIBECA, LLC, MR. CHOW NEW             :
YORK ENTERPRISES, INC., WILDMAN                 :
GROUP, INC., and MICHAEL CHOW,                  :
individually,                                   :
                                                :
                            Defendants.         :
------------------------------------------------------------X

1.   **Introduction to the Case**

This notice is to inform you of a lawsuit pending in the United States District Court, Southern District of New York, against Mr. Chow Enterprises, Ltd., T.C. Ventures, Inc., MC Tribeca, Inc., Mr. Chow New York Enterprises, Inc., Wildman Group, Inc., and Michael Chow ("Chow") (collectively hereinafter "defendants" or "Mr. Chow"). The lawsuit claims that Mr. Chow violated the Fair Labor Standards Act and the New York Labor Law by failing to compensate its captains, waiters, bartenders, and busboys (collectively hereinafter referred to as "tipped employees") at Mr. Chow's 324 East 57th Street, New York, New York, 10022 ("Mr. Chow 57th Street") and 121 Hudson Street, New York, New York, 10013 ("Mr. Chow Tribeca") locations at the federal and state minimum wage, and making unlawful deductions from the wages of tipped employees by, *inter alia*, improperly taking a "tip credit" for its tipped employees and diverting the tips of the tipped employees to non-tipped employees (*e.g.* managers and hosts/hostesses). The lawsuit also claims that the defendants did not properly pay tipped employees for hours worked (including overtime hours) by the plaintiffs and improperly failed to reimburse its tipped employees for their uniforms and for required uniform maintenance costs. The lawsuit seeks to have Mr. Chow pay the plaintiffs the amount of the "tip credit" which was deducted from tipped employees' wages, to disgorge the defendants of the tips which were diverted to non-tipped employees, to compensate the plaintiffs for hours worked and not compensated (including overtime hours), to compensate plaintiffs for their uniforms and required uniform maintenance costs, and to award liquidated damages, interest, and attorneys' fees and costs. Defendants have denied the allegations in the lawsuit. No final decision on the merits of this lawsuit has been made by the Court.

2. **To Join the Case and be Represented by Plaintiff's Counsel**

If you worked at Mr. Chow 57th Street or Mr. Chow Tribeca as a captain, waiter, bartender, or busboy since May 7, 2004, you are eligible to join the lawsuit against Mr. Chow. You may join this case (that is, you may "opt in") by completing and returning the attached "Consent to Sue" form, no later than one-hundred twenty (120) days after the date of this Notice of Lawsuit, to Berke-Weiss & Pechman LLP, attorneys for the plaintiffs, at the following address:

> Louis Pechman, Esq.
> Berke-Weiss & Pechman LLP
> 488 Madison Avenue, 11th Floor
> New York, New York 10022
> Tel: (212) 583-9500
> www.bwp-law.com

You may contact Berke-Weiss & Pechman LLP if you need further information about the case, or how to join the lawsuit. If you fail to return the "Consent to Sue" form to Berke-Weiss & Pechman LLP in time for it to be filed with the Court on or before the above deadline, you might not be able to participate in this lawsuit.

If you choose to join this lawsuit, you will be bound by the judgment whether it is favorable or unfavorable to the plaintiffs.

3. **Fees for the Attorneys**

Berke-Weiss & Pechman LLP is handling the lawsuit on a contingency fee basis, which means that if there is no recovery, they will not recover a fee. If there is a recovery, Berke-Weiss & Pechman LLP will receive the greater of (i) the full amount of attorneys' fees awarded by the Court and paid by Mr. Chow, or (ii) one-third (*i.e.* 33.33%) of the gross aggregate monetary recovery, including attorneys' fees awarded, computed on the net sum recovered after deducting any out-of-pocket expenses properly chargeable to the prosecution of the case. If there is no recovery, you will be responsible for the expenses of litigation, including court costs and disbursements.

4. **To Stay Out of the Lawsuit**

If you do not wish to be part of the lawsuit, you do not have to do anything. If you do not wish to join the lawsuit, you will not be part of the case in any way, and will not be bound or affected by the result, whether favorable or unfavorable to the plaintiffs. However, please note that claims under the Fair Labor Standards Act must be brought within two years, unless the employer's violation of the law was "willful," in which case the claims must be brought within three years of the alleged violation.

### 5. No Retaliation Permitted

Defendants are prohibited by law from taking any retaliatory action against any person, including a current employee, by reason of joining this lawsuit.

THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE HONORABLE PETER K. LEISURE, UNITED STATES DISTRICT JUDGE OF THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK.

Dated: New York, New York
_____, 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
COSTIN DUMITRESCU, MARIN ALEXANDRU, :
and JOSIP RICOV, on behalf of themselves : 07 Civ. 3601 (PKL) (HP)
and all others similarly situated, :
:
    Plaintiffs, : **CONSENT TO SUE**
:
    -against- : **COLLECTIVE ACTION**
:
MR. CHOW ENTERPRISES, LTD., T.C. VENTURES, : **ECF CASE**
INC., MC TRIBECA, LLC, MR. CHOW NEW :
YORK ENTERPRISES, INC., WILDMAN :
GROUP, INC., and MICHAEL CHOW, :
individually, :
:
    Defendants. :
------------------------------------------------------------X

    I have read the Notice of Lawsuit and hereby consent to be a plaintiff in the case of *Costin Dumitrescu, et al., v. Mr. Chow Enterprises, Ltd., T.C. Ventures, Inc., MC Tribeca, LLC, Mr. Chow New York Enterprises, Inc., Wildman Group, Inc., and Michael Chow*, 07 Civ. 3601 (PKL). I authorize the law firm of Berke-Weiss & Pechman LLP to represent me in this case.

Dated: _____, 2007

    Signature: _____

    Name: _____

    Address: _____

                _____

    Telephone: _____